UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24-CV-00633-FDW-DCK

| | |
|---|---|
| DANIEL RICHARD BUCZEK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FIRST CITIZENS BANK, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss and Request for Preliminary Hearing, (Doc. No. 4), and Plaintiff's Motion to Remand, recharacterized from Plaintiff's Response to Defendant's Motion to Dismiss, (Doc. No. 11). Defendant also filed a second Motion for a Hearing. (Doc. No. 16.) Defendant's Motion to Dismiss and Plaintiff's Motion to Remand are fully briefed and ripe for review. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**, and Plaintiff's Motion to Remand is **DENIED**.

## BACKGROUND

On April 18, 2024, Plaintiff filed his *pro se* Complaint in Mecklenburg County Small Claims Court. (Doc. No. 1-2, pp. 1, 5.) In his Complaint, Plaintiff alleges:

> On April 8th, 2023, [Defendant] close[d] my account without any reason or no notice whatsoever. We have several outstanding charges on the account [identified in the] attachment. The dispute resolution department is an absolute mess [and] they keep charges on account [] with no signatures[,] no contracts[, and] no evidence of anything! [Defendant] has once again failed to give any disclosure[] at all. Well over 30 phone calls in the last 2 years and [Defendant] just hangs UP! [I have] travel expenses from driving from New York to North Carolina plus hotel . . . .

(Id., p. 5.) Plaintiff claims there are "several outstanding charges on the account . . . that are in the

1

billing dispute status or they are unauthorized[.]" (Id., p. 8.) Plaintiff alleges "charges were placed on the account where no goods and services were render[ed]" and there are "no receipts, no signed contracts, and no dealings" to support the disputed transactions. (Id.) Plaintiff argues Defendant's dispute resolution department deleted and keeps charges on the account. (Id.) In total, Plaintiff references thirty-seven (37) disputed transactions. (Id., pp. 8–9.) Plaintiff also writes "[t]he Banks unreasonably block or holds, hidden fees, excessive charges, deposit issues, account errors, service issues, downtime, balance errors, duplicate charges, and/or transaction problems etc." (Id., p. 14.)

Further, Plaintiff argues his claims are based on a "violation of the [EFTA] and Regulation E" and Defendant has the burden "to establish the disputed electronic fund transfers . . . were in fact authorized. The lack of evidence submitted by [Defendant] raises concerns as to the veracity of [Plaintiff's] assertion that his card was in fact lost or stolen." (Id.) Plaintiff also claims Defendant "has never complied with the procedural requirements of EFTA[.]" (Id.) He then proceeds to list what he purports are "the requirements for EFTA disclosures" and "the obligations of EFTA[.]" (Id., pp. 14–15.) Finally, Plaintiff includes what appears to be a screenshot from a PDF, titled "Electronic Fund Transfer Act (EFTA) examination procedures." (Id., pp. 15–16.) Plaintiff's Complaint is devoid of specific facts to support these allegations.

After reviewing the Complaint, it appears Plaintiff alleges four causes of action: 1) violation of the EFTA and Regulation E; 2) breach of contract; 3) violation of fiduciary responsibilities; and 4) fraud. (Id., p. 5.) Specifically, Plaintiff writes his "legal claims have been based on breach of contract, consumer fraud, as well as violation of the Electronic Funds Transfer Act (EFTA) and Regulation E." (Id., p. 14.)

According to the North Carolina electronic filing system, the Mecklenburg County Small Claims Court issued the summons on April 26, 2024, Plaintiff served Defendant through the sheriff

on June 24, 2024, and Plaintiff filed the return of service on June 28, 2024. Daniel Richard Buczek v. First Citizens Bank, No. 24-CV-018098-590 (Mecklenburg Dist. Ct.). On July 5, 2024, Defendant removed the case to this Court. (Doc. No. 1.) Defendant contends removal is proper because the Court has subject matter jurisdiction based on federal question jurisdiction, under 28 U.S.C. § 1331, over Plaintiff's claim of a violation of the EFTA and Regulation E, and the Court can exercise supplemental jurisdiction over Plaintiff's state law claims. (Id., pp. 1–2.)

On July 12, 2024, Defendant filed a Motion to Dismiss and Request for Preliminary Hearing and memorandum in support. (Doc. Nos. 4–5.) Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). (Doc. No. 4, p. 1.) First, Defendant argues Plaintiff's claims for violation of the EFTA and Regulation E should be dismissed because they apply to consumer accounts, not business deposit accounts, which Plaintiff's account is. (Doc. No. 5, pp. 4–5.) Defendant also argues, even if Plaintiff's account was a consumer account, Plaintiff's Complaint does not allege facts showing Defendant erroneously handled Plaintiff's account disputes in violation of the EFTA. (Id., p. 5.) According to Defendant, "Plaintiff does not affirmatively allege that he did not initiate the transactions, but is instead attempting to insist that Defendant must have evidence of a written contract for every transaction he disputes." (Id.) Second, Defendant argues Plaintiff's claim for breach of contract should be dismissed. (Id., pp. 5–6.) Defendant alleges "not a single contract or contract provision is identified within the Complaint [and] Plaintiff has not identified any breach by Defendant or contractual obligation that Defendant has not fulfilled." (Id., p. 6.) Defendant also argues it "was within its discretion to close Plaintiff's Deposit Account" based on the Deposit Account Agreement. (Id.) Third, Defendant argues Plaintiff's claim for fiduciary duty should be dismissed because Plaintiff fails to plausibly allege the existence of a fiduciary relationship. (Id., pp. 6–7.) Defendant asserts

"Plaintiff does not plausibly allege how its relationship with Defendant extends beyond an ordinary debtor-creditor relationship." (Id., p. 7.) Finally, Defendant argues Plaintiff's claim for fraud should be dismissed because Plaintiff fails to state his claim with particularity, according to Federal Rule of Civil Procedure 9(b). (Id., pp. 7–8.) According to Defendant, "Plaintiff's Complaint fails to state with particularity any specific false representation or concealment of any material fact to support his fraud claim against Defendant." (Id., p. 8.)

This Court entered a Roseboro Notice on July 16, 2024, notifying Plaintiff of his right to respond to Defendant's Motion. (Doc. No. 7.) On August 21, 2024, Plaintiff filed his response to Defendant's Motion to Dismiss. (Doc. No. 11.) First, Plaintiff argues this Court does not have subject matter jurisdiction, either based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, or based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Id., pp. 1–4.) Plaintiff claims he "did not at any time allege or raise any federal issue in the Complaint." (Id., p. 3.) Second, Plaintiff asks the case be "remanded to the original Court of jurisdiction to the Mecklenburg County Small Claims Court." (Id., p. 4.) The Court construes Plaintiff's Response to Defendant's Motion to Dismiss also as a Motion to Remand, pursuant to 28 U.S.C. § 1447, based on Plaintiff's argument and his *pro se* status. See United States v. Brown, 797 F. App'x 85, 89–90 (4th Cir. 2019) (citing Castro v. United States, 540 U.S. 375, 381–82 (2003)) ("[The duty to liberally construe pro se filings extends to recharacterizing a filing to which a pro se litigant has attached the wrong label, allowing courts to 'avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.'").

On August 28, 2024, Defendant filed a Reply. (Doc. No. 12.) Defendant argues Plaintiff's Complaint and filings, specifically the alleged violation of the EFTA and Regulation E, raise a

substantial question of federal law and "[e]ach of Plaintiff's state law claims incorporates the same allegations asserting EFTA violations . . . ." (Id., pp. 1–3.)

## STANDARD OF REVIEW

### A. Subject Matter Jurisdiction and Plaintiff's Motion to Remand

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000). The threshold question of whether a court has subject-matter jurisdiction shall be addressed before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "[I]t is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008).

Federal courts have original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001). Jurisdiction is proper in cases arising under federal law when a plaintiff's complaint establishes "'that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur. Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (citing Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27–28 (1983)).

Federal courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Whether

5

federal and state law claims are part of the same case or controversy is determined by considering whether they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Hinson v. Norwest Fin. South Carolina, Inc., 239 F.3d 611, 615 (4th Cir. 2001) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988)) (cleaned up). In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction . . . [and i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B. Defendant's 12(b)(6) Motion to Dismiss**

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss, a

6

Case 3:24-cv-00633-FDW-DCK    Document 18    Filed 11/06/24    Page 6 of 10

court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. When considering a motion under Rule 12(b)(6), courts must separate facts from legal conclusions, as conclusions are not entitled to a presumption of truth. Id. at 681. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. Jul. 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, though, courts should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151. Finally, these standards apply both to cases removed from state court and cases originating in federal court. Fed. R. Civ. P. 81(c).

Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Shanaghan, 58 F.3d at 110 ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). "'Generally, when a district court dismisses all federal claims in the early stages

of litigation' – e.g., at the summary-judgment stage – 'it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice.'" Henderson v. Harmon, 102 F.4th 242, 251 (4th Cir. 2024) (citing Banks v. Gore, 738 F. App'x 766, 773 (4th Cir. 2018)) (cleaned up).

## ANALYSIS

**A. Subject Matter Jurisdiction and Plaintiff's Motion to Remand**

To start, Plaintiff alleges Defendant violated the EFTA and Regulation E, (Doc. No. 1-2, pp. 14–16), which are federal statutes. Therefore, this Court has subject matter jurisdiction based on federal question jurisdiction, under 28 U.S.C. § 1331. Additionally, Plaintiff's state law claims are based on the same disputed transactions, (id., pp. 10–11), and as such the Court may exercise supplemental jurisdiction. Next, Defendant properly removed the case to this Court. Defendant asserts subject matter jurisdiction based on federal question jurisdiction and supplemental jurisdiction and removed the case within 30 days of being served. (Doc. No. 1.) Therefore, the Court determines, at this threshold level inquiry, this Court has jurisdiction. Accordingly, Plaintiff's Motion to Remand, (Doc. No. 11), is **DENIED**.

**B. Defendant's 12(b)(6) Motion to Dismiss**

The Court now turns to considering whether Plaintiff's claim of Defendant's violation of the EFTA and Regulation E should be dismissed for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). The EFTA is a remedial consumer protection standard courts read "liberally" to achieve the goal of protecting consumers. Curtis v. Propel Prop. Tax Funding, LLC, 915 F.3d 234, 239 (4th Cir. 2019). Regulation E implements the EFTA. 12 C.F.R. §§ 1005.1–1005.20. The EFTA is a consumer law aimed at "provid[ing] a basic framework [to] establish[] the rights, liabilities, and responsibilities of participants in electronic

8

Case 3:24-cv-00633-FDW-DCK  Document 18  Filed 11/06/24  Page 8 of 10

fund and remittance transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights." 15 U.S.C. § 1693(b). Under the EFTA, "the term 'consumer' means a natural person[.]" 15 U.S.C. § 1693a(6). Also, "the term 'account' means a demand deposit, savings deposit, or other asset account . . . established primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1693a(2).

In his Complaint, Plaintiff claims Defendant "has never complied with the procedural requirements of EFTA" and his claims are based on "violation of the [EFTA] and Regulation E." (Doc. No. 1-2, p. 14.) Defendant lists what he purports are "the requirements for EFTA disclosures" and "the obligations of EFTA" and includes what appears to be a screenshot from a PDF, titled "Electronic Fund Transfer Act (EFTA) examination procedures." (Id., pp. 14–16.) However, Plaintiff provides no further factual allegations in support of these claims. Plaintiff's Complaint, even when liberally construed, fails to sufficiently plead grounds for relief of a violation of the EFTA and Regulation E. Plaintiff makes several conclusory statements and lists what he believes are the elements for his legal claim, but does not provide analysis or any specific facts in support. Furthermore, the Court agrees with Defendant that Plaintiff is attempting to apply the protections provided by the EFTA to his business account when this statute applies to consumer accounts. (Doc. No. 5, pp. 4–5.) Accordingly, Plaintiff's claim of a violation of the EFTA and Regulation E fails to state a claim upon which relief can be granted.

The Court next considers Plaintiff's state law claims. The remainder of Plaintiff's allegations present questions of state-law. In light of the dismissal of Plaintiff's federal law claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims of breach of contract, violation of fiduciary responsibilities, and fraud.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand, (Doc. No. 11), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and Request for Preliminary Hearing, (Doc. No. 4), is **GRANTED in part** as to Plaintiff's claim under federal law, which is **DISMISSED with prejudice**, and as to Plaintiff's claims under state law, which are **DISMISSED without prejudice**, and **DENIED in part** as to Defendant's Request for Preliminary Hearing which is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Defendant's second Motion for a Hearing, (Doc. No. 16), is **DENIED as MOOT**.

The Clerk is respectfully directed to **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

Signed: November 5, 2024

_____
Frank D. Whitney
United States District Judge